# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: July 27, 2022

Ms. Elizabeth Bixby
Ms. Devi Rao
MacArthur Justice Center
501 H Street, N.E., Suite 275
Washington, DC 20001

Mr. Herbert Harrison Slatery III
Office of the Attorney General of Tennessee
P.O. Box 20207
Nashville, TN 37202-0207

Mr. Nathan D. Tilly
Pentecost, Glenn & Mauldin
162 Murray Guard Drive, Suite B
Jackson, TN 38305

      Re: Case No. 21-5540, *Daniel Williams v. Hilton Hall, Jr., et al*
          Originating Case No. : 1:20-cv-01171

Dear Counsel,

The Court issued the enclosed opinion today in this case.

Enclosed are the court's unpublished opinion and judgment, entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

                                    Sincerely yours,

                                    s/Cathryn Lovely
                                    Opinions Deputy

cc: Mr. Thomas M. Gould

Enclosures

Mandate to issue

NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0308n.06

Case No. 21-5540

# UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

FILED
Jul 27, 2022
DEBORAH S. HUNT, Clerk

DANIEL LYNN WILLIAMS,  )
    Plaintiff-Appellant,  )
)  ON APPEAL FROM THE UNITED
v.  )  STATES DISTRICT COURT FOR
)  THE WESTERN DISTRICT OF
HILTON HALL, JR., Warden, et al.,  )  TENNESSEE
    Defendants-Appellees.  )  OPINION
)

Before: WHITE, THAPAR, and LARSEN, Circuit Judges.

PER CURIAM. Daniel Lynn Williams sued various officials at his former prison. The district court screened Williams's complaint under the Prison Litigation Reform Act and dismissed all his claims. But some should have survived. So we affirm in part, reverse in part, and remand for further proceedings.

I.

Daniel Lynn Williams is an inmate in the custody of the Tennessee Department of Corrections. In April 2020, Williams was being held at the Hardeman County Correctional Facility. Around that time, gang members in the prison became angry with Williams, blaming him when corrections officers confiscated their cellphone. They demanded that Williams "pay for [the] phone" and "do what they tell [him] to"—including "sexual favors." R. 1, Pg. ID 5, 13. Williams tried to get someone called "J-B unit counselor" to help him, but J-B unit counselor "refused," "wouldn't let [him] speak," and ordered him back to his cell. *Id.* at 13. Eventually, a gang member raped Williams and hit him "hard" on the head until he performed oral sex. *Id.*

Two days later, Williams told the prison's mental-health staff what happened, and he was put in protective custody. But that didn't solve his problems. Other inmates in protective custody soon learned why Williams had been transferred there. They also learned that gang members blamed Williams for the loss of their cellphone and were "getting in trouble" for raping him. *Id.* at 14. So the inmates came into Williams's cell, threatened him with a knife, hit him on the head, and demanded that he pay $50 per week to replace the gang's lost cellphone. As a result, Williams was placed on "red restricted" status, which the complaint suggests means that he was only permitted to come out of his cell by himself. *Id.* Despite this status, Williams says that inmates have continued to harass him—they've threatened him, thrown urine "under [his] door," and even come into his cell to take his belongings when guards left the door unlocked. *Id.*

Williams says that he's written to Warden Hall, Sergeant Mann, Case Manager Malone, and Unit Manager Jones requesting to be "moved." *Id.* Additionally, Williams alleges that he told Warden Hall and Sergeant Mann that other inmates threatened to kill him, including with a knife. Yet he claims he's been "ignored" by everyone except Sergeant Mann, who allegedly told him she wouldn't help him move and asked him to quit saying that inmates threatened him with a knife. *Id.* He also alleges that someone (presumably Mann) left a "copy of [his] charges" (which showed that he'd been convicted of a sex crime) in the "living area" so other inmates could see it. *Id.* Finally, Williams describes the psychological trauma the events have had on him, including how scenes from the rape replay in his head. And he says that he even asked "guards" and "case manager" to call mental health for him but they refused. *Id.*

In July 2020, Williams filed this 42 U.S.C. § 1983 action alleging violations of the Eighth Amendment. The district court screened the complaint under the Prison Litigation Reform Act and dismissed it. *See* 28 U.S.C. § 1915A. Although the court gave Williams leave to amend, he

didn't file an amended complaint. So the court dismissed the complaint with prejudice. Williams appealed.

II.

The Prison Litigation Reform Act requires district courts to dismiss a prisoner's complaint if it's "frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.* § 1915A(b)(1). When assessing whether a complaint fails to state a claim, "we apply the familiar standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Lucas v. Chalk*, 785 F. App'x 288, 290 (6th Cir. 2019). So a complaint must contain "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although we construe pro se pleadings liberally, the basic pleading requirements "apply to self-represented and counseled plaintiffs alike." *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) (citation omitted); *see also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Thus, we may not "conjure up unpleaded facts to support conclusory allegations." *Perry v. United Parcel Serv.*, 90 F. App'x 860, 861 (6th Cir. 2004).

A.

We first consider Williams's failure-to-protect claims against Warden Hall, Sergeant Mann, Case Manager Malone, and Unit Manager Jones. Williams argues that these defendants failed to protect him from a substantial risk of serious harm.[1] Under the Eighth Amendment, prison officials have a duty to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citation omitted). But a prison official isn't liable for "every injury suffered by one prisoner at the hands of another." *Id.* at 834. To establish a failure-to-

---

[1] Along with compensatory damages, Williams's complaint requests injunctive relief—he wants to be moved to a new prison. But he's been transferred since he sued, so this claim is moot. *See, e.g., Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

- 3 -

protect claim, the plaintiff must show that he was "incarcerated under conditions posing a substantial risk of serious harm." *Reedy v. West*, 988 F.3d 907, 912 (6th Cir. 2021) (citation omitted). And he must show that the prison official acted with "deliberate indifference" to that substantial risk—*i.e.*, the official was "subjectively aware of the risk" and "failed to take reasonable measures to abate it." *Id.* (cleaned up). Williams fails at the second hurdle.

Specifically, Williams doesn't plead facts that suggest these defendants were subjectively aware of a substantial risk of serious harm and "failed to take reasonable measures to abate it." *Id.* (cleaned up). For starters, Williams argues on appeal that "guards" left his cell unlocked, which facilitated other inmates' efforts to extort him and gave them "opportunities for future assaults." Appellant's Br. 52. But defendants are generally liable for only their own "personal involvement, knowledge, and actions." *Reedy*, 988 F.3d at 914; *see also Winkler v. Madison County*, 893 F.3d 877, 891 (6th Cir. 2018) ("[T]he subjective component of a deliberate indifference claim must be addressed for each officer individually." (citation omitted)). And Williams never identifies which guards left his cell unlocked. Nor does he allege that he told the defendants that his cell was left unlocked. So he fails to state a claim against the defendants on this basis. *See Iqbal*, 556 U.S. at 682–83.

Williams also points out that he requested to "be moved." R. 1, Pg. ID 14. In his opening brief on appeal, he adds to this allegation and says that he "wrote to Warden Hall three times describing the risk he faced and the threats he received from other prisoners." Appellant's Br. 57. But our review is limited to the facts he alleged in his complaint. And those latter details are not there. *See Lucas*, 785 F. App'x at 291. In fact, other than his blanket requests to be moved, Williams doesn't allege anything about the content of those writings. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) (concluding that a pro se plaintiff failed to state an access-to-

- 4 -

courts claim because his complaint "never mentions the contents of the letter" at issue); *Cox v. Nobles*, 15 F.4th 1350, 1358 (11th Cir. 2021) (holding that the plaintiff "failed to allege the subjective component of deliberate indifference" because her "amended complaint provided no clue about what the [internal] complaint communicated" to the defendant). And we won't "conjure up unpleaded facts to support" his claim. *Perry*, 90 F. App'x at 861. So his request to "be moved" isn't enough to state a claim on this basis. *See Iqbal*, 556 U.S. at 678.

Of course, Williams further alleges that some defendants knew he had been threatened, including with a knife. But after that threat, he was placed on "red restricted" status, which isolated him from other inmates. R. 1, Pg. ID 14. And despite the district court giving Williams leave to amend his complaint, Williams fails to plead facts that plausibly suggest the defendants were subjectively aware that inmates were still able to harass and threaten him despite this heightened protection.

Similarly, Williams alleges that Sergeant Mann publicly asked him to stop saying that inmates threatened him. And he even suggests that she left his charge sheet out for other inmates to see. But Williams apparently could only leave his cell by himself. So even if Williams was still at risk while on "red restricted" status, he doesn't allege any facts that suggest Mann knew that risk was "substantial." *Reedy*, 988 F.3d at 912; *see Broyles v. Corr. Med. Servs., Inc.*, 478 F. App'x 971, 976 (6th Cir. 2012) (affirming dismissal of a claim under the PLRA because the "complaint contains no allegations that [the defendant] specifically knew [the plaintiff] faced a substantial risk of serious harm"); *cf. Brooks v. Warden*, 800 F.3d 1295, 1301 (11th Cir. 2015) (holding that a pro se prisoner failed to allege a substantial risk of serious harm when "he did not allege that he and [the aggressor prisoner] had ever been let out of their cells at the same time"). Thus, Williams doesn't plausibly allege that these defendants were "subjectively aware" of a

Case No. 21-5540, *Williams v. Hall*

substantial risk of serious harm and "failed to take reasonable measures to abate it." *Reedy*, 988 F.3d at 912 (cleaned up). And because Williams doesn't allege sufficient facts about "all the material elements" of his claim, he fails to state a claim. *Perry*, 90 F. App'x at 861. So we affirm the dismissal of these failure-to-protect claims.

B.

Williams also argues that his complaint states a claim against Case Manager Malone for deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In his complaint, Williams describes the psychological trauma the rape caused him. And he alleges that, after he was raped, he asked "guards" and "case manager" to call mental health. R. 1, Pg. ID 14. But according to Williams, they refused. To establish a deliberate-indifference claim on these facts, Williams must show that he had a "sufficiently serious" medical need, that the prison official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and that the prison official actually drew that inference. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895–96 (6th Cir. 2004) (quoting *Farmer*, 511 U.S. at 834, 837).

Here, the district court held that Williams's complaint fails to state a claim because he doesn't "specifically allege who denied his requests for mental health services." R. 7, Pg. ID 15. But the district court is incorrect. Williams says that "case manager" refused to call mental health for him after he was raped. R. 1, Pg. ID 14. Because we must liberally construe Williams's complaint, we infer that this refers to the only "case manager" he mentioned: Case Manager

- 6 -

Case No. 21-5540, *Williams v. Hall*

Malone.  Indeed, Williams's complaint often discusses other defendants with their job titles alone.  And there's no reason to think Malone would be any different.

Williams adequately pleads the remaining elements of his deliberate-indifference claim as well.  At this stage of the litigation, the psychological trauma stemming from Williams's rape plausibly constitutes a serious medical need.  *See Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001); *Lucas*, 785 F. App'x at 291–92 (explaining that "the psychological trauma from being raped twice in prison could give rise to a 'substantial risk of serious harm'").  And Williams sufficiently alleges that Case Manager Malone was aware of that need, given that Williams's rape was widely discussed by prison staff.

Lastly, to the extent that Williams seeks to recover for the "mental or emotional injury" that resulted from this harm, Williams satisfies the PLRA's gatekeeping requirements.  42 U.S.C. § 1997e(e).  To recover for those injuries, he must first show the "commission of a sexual act." *Id.*  His rape fulfills that requirement.  And that's true regardless whether Malone's own unconstitutional conduct caused the rape.  *See, e.g.*, *McAdoo v. Martin*, 899 F.3d 521, 526 (8th Cir. 2018); *Sealock v. Colorado*, 218 F.3d 1205, 1210 & n.6 (10th Cir. 2000).  Thus, we reverse the dismissal of this claim and remand for further proceedings.[2]

C.

Finally, we consider Williams's claim against J-B unit counselor.  Williams lists five defendants in the caption on the first page of his complaint.  None of them are J-B unit counselor.  Based on a later caption and the service-of-process sheet attached to the complaint, however, the

---

[2] The PLRA generally prohibits a prisoner from suing in forma pauperis if he's had three or more suits "dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).  When dismissing Williams's complaint, the district court purported to assess a "strike" against him.  R. 8, Pg. ID 21.  But as we recently explained, a district court can't "bind later courts" with a strike determination. *Simons v. Washington*, 996 F.3d 350, 352 (6th Cir. 2021).

Case No. 21-5540, *Williams v. Hall*

district court observed that Williams "may also intend to sue an unnamed 'J-B Unit Counselor.'" R. 7, Pg. ID 6 n.3. But it concluded that "service of process cannot be made on such unidentified parties, and the filing of a complaint against unknown defendants does not toll the running of the statute of limitation." *Id.* (citing *Wiggins v. Kimberly-Clark Corp.*, 641 F. App'x 545, 548–49 (6th Cir. 2016)).

To be sure, a plaintiff can't proceed against fictitious defendants. But a plaintiff may generally sue "unnamed defendants" if he "provides an adequate description of some kind" sufficient to effectuate service of process. *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996) (collecting cases); *see also Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992). And Williams's complaint provides an adequate description. He describes the person's place of employment, gender, job title, and assigned unit, and the month the allegations took place. Thus, at this stage of the proceeding, the district court should have analyzed the claim against J-B unit counselor and attempted service of process.[3] So we reverse and remand on this claim.

\*   \*   \*

We affirm in part, reverse in part, and remand for further proceedings.

---

[3] Should Williams need to amend his complaint to identify this defendant with more precision, he could seek to get around any potential statute-of-limitations issues by, for example, claiming equitable tolling. We leave that to the district court to address in the first instance.

- 8 -

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 21-5540

DANIEL LYNN WILLIAMS,

    Plaintiff - Appellant,

v.

HILTON HALL, JR., Warden, et al.,

    Defendants - Appellees.

**FILED**
Jul 27, 2022
DEBORAH S. HUNT, Clerk

Before: WHITE, THAPAR, and LARSEN, Circuit Judges.

# JUDGMENT

On Appeal from the United States District Court
for the Western District of Tennessee at Jackson.

THIS CAUSE was heard on the record from the district court and was argued by counsel.

IN CONSIDERATION THEREOF, it is ORDERED that the judgment of the district court is AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further proceedings consistent with the opinion of this court.

**ENTERED BY ORDER OF THE COURT**

Deborah S. Hunt, Clerk